**Commonwealth ex rel. Madden v. Hahn**

*Hugh S. Rebert*, Assistant Public Defender, and *Alan N. Linder*, Tri-County Legal Services, for relator.

*Harold N. Fitzkee, Jr.*, District Attorney, and *Robert J. Wire, Jr.*, Assistant District Attorney, for respondent.

ATKINS, P. J., June 28, 1972.—Robert L. Madden was convicted of burglary in Maryland and sentenced November 21, 1961, to a term of five years in the Maryland penitentiary. On September 14, 1962, he was found to be a defective delinquent and was committed to the Patuxent Institution after appropriate proceedings according to Article 31B of the 1957 Maryland Code.

He was granted a parole from Patuxent on September 29, 1966, for a period of six months ending March 28, 1967.

There is a hiatus in the record as disclosed in the extradition papers. The next event shown in the papers is that either on the fifth day of March, 1968, or on the third day of May, 1968, he was again released from Patuxent on parole,* to wit, March 28, 1967, to the beginning of the second, whether it be March 5 or May 3, 1968. The first of these dates appears in the affidavit of Lewis H. Smith, Assistant Superintendent, and the latter in the copy of the parole revocation warrant. We note that the State's Attorney adopted the March 5th date in his request from the Governor of Maryland to the Governor of Pennsylvania.

In due course, the extradition papers were presented to the Governor of Pennsylvania who issued his warrant for the arrest of Madden and directed his delivery to the State of Maryland.

Madden presented his petition to this court for writ

---

* We assume that he was in custody at Patuxent at the end of the first parole.

of habeas corpus, alleging deficiencies in the extradition proceedings. Some delay ensued because he had previously started habeas corpus proceedings in the United States District Court for the Middle District of Pennsylvania. That court ultimately declined jurisdiction and authorized this court to proceed with this petition before it.

A number of reasons are advanced to support petitioner in his request. We are satisfied, however, that it is necessary to consider only one; which is, that he is not presently charged with crime in the State of Maryland.

Section 2 of the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 PS §191.2, requires the "Governor of this State to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony or other crime, who has fled from justice and is found in this State."

It is apparent that the charge found against Madden is that he is in violation of his parole from his commitment to Patuxent as a defective delinquent. Under Maryland law this type of commitment is a civil proceeding and is not in any sense criminal: Eggleston v. State, 209 Md. 504, 121 A.2d 698; Director v. Daniels, 243 Md. 16, 221 A.2d 397.

The prosecution concedes this but argues that violation of parole is a crime. In support of this cases are cited which have held that escape from Patuxent is a crime under the Maryland statute. The answer to this is that he did not escape. No similar authority is submitted to show that failure to return from parole from that institution is a crime. Neither have we found any.

We, therefore, conclude that Madden is not charged with any crime in Maryland and is, therefore, not sub-

ject to extradition because under the Uniform Criminal Extradition Act above, it is clear that extradition is available only with reference to those charged with criminal conduct.

We point out that the original burglary sentence was fully satisfied as shown by this record since the time that Madden spent at Patuxent is required under Maryland law to be credited toward the sentence of the criminal act. His time spent in the Maryland Penitentiary and in Patuxent substantially exceeds the maximum of five years, which was the criminal sentence.

Accordingly we enter this

### ORDER

And now, to wit, June 28, 1972, it is ordered, adjudged, and decreed that the rule heretofore granted to show cause why a writ of habeas corpus should not issue be and is hereby made absolute. The writ is directed to issue, and defendant discharged.